IN THE CIRCUIT COURT OF THE COUNTY OF FRANKLIN
STATE OF MISSOURI

ESTATE OF RAYMOND J. HERBST III, )
by SUSAN HERBST, Personal Representative, )
                                                 Plaintiff, )    Cause No. _____
vs. )
                                                                 ) Division No. _____
THE STANDARD FIRE INSURANCE COMPANY, )
Serve: CSC–Lawyers Incorporating Service Company )    **JURY TRIAL REQUESTED**
       221 Bolivar Street )
       Jefferson City, MO 65101 )
                                                             Defendant. )

**PETITION FOR BREACH OF CONTRACT AND VEXATIOUS REFUSAL TO PAY**

**Count I-Breach of Contract**

Comes now Plaintiff Susan Herbst, Personal Representative of the Estate of Raymond J. Herbst III, by and through her attorneys, and for Count I of her Petition states as follows:

1. Raymond J. Herbst was a resident of Franklin County, Missouri, who passed away on June 12, 2022.

2. Letters Testamentary were granted by the Franklin County Probate Court in Cause No. 22AB-PR0043, whereby Raymond J. Herbst III's widow, Susan Herbst, was appointed Personal Representative of his Estate.

3. Defendant The Standard Fire Insurance Company is a duly organized and existing Connecticut corporation, engaged in the business of insurance, and having offices for the transaction of its usual and customary business in the State of Missouri.

4. On or about March 28, 2022, Raymond J. Herbst III was a passenger in a motor vehicle which was struck by Chelsea Webster, at the intersection of Patient's First Drive and Highway 47 in Washington, Franklin County, Missouri.

5. Chelsea Webster was travelling northbound on Highway 47, traveled through a red light at such intersection and collided with the vehicle in which Raymond J. Herbst III was a passenger.

6. Ms. Webster was solely at fault for said accident.

7. At the time of the collision with Raymond J. Herbst III, Chelsea Webster was covered by an automobile liability insurance policy with bodily injury limits in the amount of $100,000 per person.

8. As a direct and proximate result of Chelsea Webster's negligence, Raymond J. Herbst III suffered the following injuries: a "hangman's fracture" of his neck at the C-2 level and resulting injuries to his bones, muscles, cartilage, ligaments, tendons, blood vessels, membranes, nerves and tissues adjoined and affixed thereto, all of which required the installation of "Halo" device to stabilize his spine. Raymond Herbst III suffered from extreme pain and also suffered impairment and restrictions in his strength and ability of his entire body.

9. In addition, Raymond J. Herbst III incurred charges for medical care in excess of $67,000.

10. The injuries Raymond J. Herbst III suffered were sustained as a direct and proximate result of the accident with Chelsea Webster.

11. As a result of the accident, Raymond J. Herbst III sustained damages in excess of $200,000.

12. With the consent of Defendant, Raymond J. Herbst III settled all of his claims against Chelsea Webster for the bodily injury limits of $100,000 and, therefore, all applicable liability limits have been exhausted.

13. Prior to March 28, 2022, Raymond J. Herbst III purchased an automobile liability policy through Defendant, Policy #603793931-203-1 with effective dates of February 5, 2022 to

Electronically Filed - Franklin County - January 18, 2023 - 11:01 AM

February 5, 2023. A copy of the policy is attached hereto and incorporated herein by reference as Exhibit 1.

14. The aforementioned policy included coverage for underinsured motorist protection in the amount of $100,000 per person, for which Raymond J. Herbst III paid a separate premium.

15. The aforementioned policy provides as follows:

> C. Underinsured Motor Vehicle – means a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at this time of the accident but the amount paid for "bodily injury" under that bond or policy to an "insured" is not enough to pay the full amount the "insured" is legally entitled to recover as damages.

16. Per the provisions of the policy of insurance issued to Raymond J. Herbst III, Chelsea Webster was operating an underinsured motor vehicle at the time of the March 28, 2022, collision.

17. Plaintiff has performed all conditions precedent under the terms of the policy and is legally owed benefits under his underinsured motorist coverage with Defendant.

18. On or about October 5, 2022, counsel for Raymond J. Herbst III's Estate sent Defendant a written demand for settlement of his claims under the underinsured provisions of the policy.

19. Defendant has denied coverage and failed to pay the demand.

20. Defendant has breached the contract for insurance coverage with Raymond J. Herbst III and is legally liable for damages referenced above.

WHEREFORE, Plaintiff in Count I prays for judgment against Defendant in a sum not to exceed $100,000, representing an amount the jury believes is fair and reasonable compensation under the circumstances for the injuries suffered by Raymond J. Herbst III, offset by the $100,000 limits tendered by the responsible party's insurer above-referenced; for pre-judgment interest; for interest at the legal rate from the date of the judgment herein; for costs of action incurred and for such other and further relief as the Court deems just and proper.

### Count II—Vexatious Refusal to Pay

Comes now Plaintiff and for Count II of his Petition states as follows:

1. Plaintiff realleges and fully incorporates herein by reference all paragraphs and allegations contained in Count I above.

2. Defendant has refused to pay Plaintiff's total loss and damages without reasonable cause or excuse, thereby entitling Plaintiffs to additional damages not to exceed twenty percent (20%) of the first fifteen hundred dollars of loss, ten percent (10%) of the amount of loss in excess of fifteen hundred dollars and reasonable attorney's fees pursuant to R.S.Mo. 375.420.

WHEREFORE, Plaintiff in Count II prays for judgment against Defendant for additional damages of twenty percent (20%) of the first fifteen hundred dollars of loss and ten percent (10%) of the amount of loss in excess of fifteen hundred dollars; reasonable attorney's fees and costs; and for such other further relief as the Court deems just and proper.

BAYLARD, BILLINGTON, DEMPSEY,
JENSEN, STRUZZI & PIONTEK, P.C.

By: _____
CHRISTOPHER W. JENSEN – 44133
30 South McKinley
Union, MO 63084
636-583-5103
E-mail: cjensen@bbd-law.com
ATTORNEY FOR PLAINTIFF